

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2009

# In Re: Russell Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2506

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Russell Robinson " (2009). *2009 Decisions.* Paper 1008.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1008

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2506

_____

IN RE: RUSSELL ROBINSON,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 04-cr-00005-002 and Civ. No. 08-cv-00103)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
JUNE 30, 2009

Before:  SCIRICA, Chief Judge, WEIS AND GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 14, 2009)

_____

OPINION

_____

PER CURIAM.

On May 22, 2009, Russell Robinson filed this pro se mandamus petition

pursuant to 28 U.S.C. § 1651, seeking an order to compel the District Court to rule on the

motion that he filed pursuant to 28 U.S.C. § 2255, as well as several pending, related

motions.  For the reasons that follow, we conclude that mandamus relief is not warranted.

Mandamus is a drastic remedy available in only the most extraordinary

1

circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).

"A petitioner seeking the issuance of a writ of mandamus must have no other adequate

means to obtain the desired relief, and must show that the right to issuance is clear and

indisputable."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  In addition, as a

general rule, the manner in which a court disposes of cases on its docket is within its

discretion.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Nonetheless, mandamus may be warranted when a District Court's "undue

delay is tantamount to a failure to exercise jurisdiction."  Madden, 102 F.3d at 79.  The

District Court's delay in this case, however, does not meet that standard.  The District

Court received Robinson's motion on November 17, 2008.  The case was reassigned to

the Honorable Juan R. Sanchez on December 8, 2008.  Then, beginning on January 14,

2009, and continuing until May 5, 2009, Robinson filed a barrage of motions, six of

which remain on the docket.[1]

In this case, only six months passed between the time that Robinson filed

his § 2255 motion and his mandamus petition.  In addition, there have been circumstances

that likely contributed to the delay.  One was the reassignment of the case to Judge

Sanchez one month after Robinson filed his § 2255 motion.  Furthermore, Robinson's

many motions, including those that the District Court has ordered removed from the

---

[1] Notably, by orders entered May 12 and 15, 2009, the District Court ordered that two other motions be removed from the docket.  Along with the orders came warnings to Robinson of the consequences of forging court orders and instructions that the Judge was to approve all further motions before they could be added to the docket.

docket, may also be contributing to the delay.  We cannot say that the delay in adjudicating Robinson's § 2255 is "tantamount to a failure to exercise jurisdiction" or "rise[s] to the level of a denial of due process."  <u>Madden</u>, 102 F.3d at 79.

Accordingly, we will deny Robinson's mandamus petition.